UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD DIMARIA,<br><br>          Petitioner,<br><br>v.<br><br>STEPHEN SPAULDING,<br>  Warden of Federal Medical Center Devens,<br><br>          Respondent. | Civil Action No. 20-cv-10996-GAO |

**RESPONDENT'S MOTION TO DISMISS EMERGENCY PETITION
FOR HABEAS CORPUS UNDER 28 U.S.C. § 2241**

Petitioner Edward DiMaria ("Petitioner") has filed an *Emergency Petition for Habeas Corpus Under 28 U.S.C. § 2241* ("Petition"). Petitioner seeks an immediate bail hearing and release to home confinement. ECF No. 1 at ¶¶ 1, 20. Petitioner claims that the conditions of incarceration at FMC Devens are conducive to the spread of COVID-19, and because he is a 54 year old male who suffers from hypertension, with a history of heart syncope, loss of consciousness associated with hypertension, and an elevated risk of stroke and heart attack, his age and underlying medical conditions place him at an elevated risk for contracting the virus. *Id.*, at ¶¶ 5, 9.

Respondent moves for dismissal of Petitioner's claims, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), which are without merit and fail on several grounds. *First*, Petitioner's challenge to conditions of his confinement by a habeas petition under 28 U.S.C. § 2241 is improper. *Crooker v. Grondolsky*, No. 12-12106-GAO, 2013 WL 101588, at *2 (D. Mass. Jan. 4, 2013); s*ee also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). *Second*, the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, places strict limitations on a court's ability to order the release of

inmates "in any civil action in Federal court with respect to prison conditions …" and precludes a single district judge from doing so, as Petitioner requests. 18 U.S.C. § 3626(a)(3)(B). *Third*, Petitioner has not and cannot establish that Respondent has been deliberately indifferent to Petitioner's medical needs. As explained further in the memorandum of law filed herewith, FMC Devens has taken appropriate steps to mitigate the risk of COVID-19 throughout its inmate population, including implementing the BOP's national response to prevent the introduction and spread of COVID-19 into the BOP, and implementing a number of other measures at FMC Devens including providing inmate and staff education; conducting inmate and staff screening; putting into place testing, quarantine, and isolation procedures in accordance with BOP policy and CDC guidelines; ordering enhanced cleaning and medical supplies; and taking a number of other preventative measures.

For these reasons, as more fully set forth in the accompanying memorandum of law, Respondent asks this Court to dismiss the Petition.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:  */s/ Rayford A. Farquhar*
Rayford A. Farquhar
Assistant United States Attorneys
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100
Dated: June 2, 2020                    Rayford.Farquhar@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I, Rayford A. Farquhar, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by First Class Mail.

Dated: June 2, 2020

*/s/ Rayford A. Farquhar*
Rayford A. Farquhar
Assistant United States Attorney

## **LOCAL RULE 7.1 CERTIFICATION**

     I, Rayford A. Farquhar, hereby certify that pursuant to L.R. 7.1(a)(2), I was unable to confer with counsel for Petitioner in order to narrow or resolve the issues raised by this motion.

Dated: June 2, 2020

*/s/ Rayford A. Farquhar*
Rayford A. Farquhar
Assistant U.S. Attorney